UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRIETTA ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case 06 C 3303 |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| REST HAVEN CENTRAL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendant's Motion to Dismiss with Prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). For the following reasons, Defendant's Motion to Dismiss with Prejudice is granted.

### I. BACKGROUND

This case arises out of Plaintiff Henrietta Roberts' ("Roberts") Complaint of racial discrimination against her employer Rest Haven Central ("Rest Haven"). On June 16, 2006, Roberts submitted her pro se complaint to the Clerk of Court. In lieu of the required filing fee, she filed an Application to Proceed In Forma Pauperis ("IFP") and a Financial Affidavit in support of that IFP. Based on the information she provided in her Financial Affidavit, this court granted her IFP on June 28, 2006.

On October 26, 2006, Defendant filed its Motion to Dismiss, asserting that Roberts provided false information on the IFP, and that the court must therefore dismiss her Complaint with prejudice. Plaintiff responded on November 16, 2006. In her Response to Plaintiff's Motion to Dismiss, Roberts admits that she did provide false information to the court regarding

1

her financial status. She justifies her actions, however, by claiming that the inaccuracies and omissions in her IFP were entirely unintentional and merely the result of nervousness and confusion.

Question Two on the IFP Financial Affidavit asks: "Are you currently employed?" Roberts checked "Yes." She then listed her monthly salary as $400. Roberts, in her Response, admits that she provided incorrect information to the court regarding her wages. Roberts, however, claims that she mistakenly believed that the question was asking for the wages that she usually receives with each paycheck. As a result of this error, she asserts, she only reported the average amount of wages she receives on a bi-monthly basis. If Roberts' assertion is correct, she should have reported average monthly earnings of $800, or $9,600 annually. However, Roberts stated in her Response brief that in the twelve months prior to filing the IFP, she earned just under $12,000 after taxes. Rest Haven's investigation indicates that she earned an average of $1,311.18 per month, or $15,734.16 annually. Regardless of how much Roberts actually earned, her explanation for reporting the $400 per month figure is clearly not corroborated by either party's figures. Additionally, in a subsection of Question Two, Roberts stated that she was not married. Roberts now admits that she was and still is married, but has been separated from her husband for approximately sixteen years. According to Roberts, her husband is unemployed and does not support her financially in any way.

Roberts also provided false information to Question Three of the Affidavit. Roberts admits that she omitted the fact that she earned $1,200 between December 2005 and May 2006 while she was employed by Angel Care. Roberts also admits her failure to disclose the fact that she received unemployment compensation checks in the last twelve months totaling approximately $3,225. Question Three asks further that the applicant disclose whether anyone

else living at the same address has received more than $200 in the past twelve months. Roberts admits that she should have disclosed her daughter's earnings of $10 per hour from her employer between August 2005 and May 2006, and her daughter's current salary of $24,500 per year. Even though Roberts answered Question Three by marking "No," she now asserts that she simply does not recall reading or answering this Question.

Question Four of the Affidavit asks: "Do you or anyone else living at the same address have more than $200 in cash or checking or savings account?" Roberts again answered no. She now admits to having an estimated $500 in her checking account at the time she filed her IFP. With regard to Question Five, Roberts similarly claims that she did not know that she also owned approximately $400 worth of stock in the Ford Company, nor did she know that she had recently sold her shares of stock from another company for $400.

Finally, Question Seven asks: "Do you or anyone else living at the same address own any automobiles with a current market value of more than $1,000?" Plaintiff again responded no. Roberts now admits that she failed to disclose her ownership of an automobile with a market value of more than $1,000, and the automobile with a market value of over $1,000 purchased by her daughter one month prior to Plaintiff's filing of her IFP. Roberts' daughter owns a 2005 Dodge Fire Magnum with approximately 35,000 miles. Plaintiff owns a 1997 Chevrolet Monte Carlo with approximately 125,000 miles. The current Kelly Blue Book value for this model car in excellent condition is $3,605. Rest Haven submitted a report from "cars.com" which estimates that the value of this automobile is between $2,900 and $4,995. The Kelly Blue Book suggests a retail value of $17,490 in excellent condition. Rest Haven's "cars.com" report estimates that the value of this automobile is between $16,500 and $23,595. Once again, Roberts

claims not to recall this question. She simply claims that she hurried through the form and made unintentional mistakes.

## II. DISCUSSION

### A. Standard of Decision

Section 1915(e) of Title 28 provides that "the court *shall* dismiss the case at any time" if an allegation of poverty contained within an IFP is found to be false. 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Seventh Circuit case law confirms the plain language of the statute: the court must dismiss a suit upon determining that allegations of poverty in an IFP are untrue. Thomas v. GMAC, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998).

The determination of whether such a dismissal should be with prejudice or without is left to the sound discretion of the court. Mathis, 133 F.3d at 548. Courts generally consider the magnitude of the falsehoods contained within the IFP, and whether these falsehoods were intentional or inadvertent, when determining whether a dismissal should be with prejudice. See Thomas, 288 F.3d at 308. If dismissal with prejudice is not warranted under the circumstances of the case, a court may consider ordering the Plaintiff to pay a monetary sanction. See id. at 307. However, "a monetary sanction would probably be difficult to collect from a litigant assiduous in concealing assets." Id.

The purpose of requiring an indigent Plaintiff to complete an Affidavit in support of an IFP is to encourage forthrightness, and discourage fraud on the court. Dismissal with prejudice may be the only feasible sanction where such a Plaintiff intentionally includes falsehoods on an IFP Affidavit. See id. at 306-07.

## B. Defendant's Motion to Dismiss

Plaintiff admits that twelve months prior to filing her IFP, her income from Rest Haven was approximately $12,000 after taxes. She also admits to receiving $1,200 from Angel Care and $3,225 in unemployment compensation, for a grand total of $16,425 in income during that time period. Rest Haven's investigation indicates that during the time period in question, Roberts "had income in excess of $20,000." Additionally, the investigation shows that Roberts' daughter's salary of 24,500 increased the overall household annual income to over $40,000 per year. Roberts does not dispute these calculations. Because Roberts reported her earnings on her IFP to be $400 per month ($4,800 per year), this false information is obviously enough to establish that her allegations of poverty were untrue. This case must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A). The only question is whether dismissal should be with or without prejudice. Thomas, 288 F.3d at 306.

Roberts asks the court to excuse the fact that she provided false information on her Affidavit because she was "confuse[d]," and "no one was available to help" her fill out this "form." Consequently, she "hurried through the form and made mistakes." The court does not find Roberts' explanation persuasive. The IFP clearly and unambiguously asks questions in plain English, on a form designed for use by non-lawyers. Moreover, the IFP explains that the information provided therein must be true, correct, and complete. Roberts failed to truthfully answer five out of the eight questions on the IFP, and thus concealed significant information regarding her finances from the court. The court, in its discretion, determines that dismissal with prejudice is an appropriate sanction for the Plaintiff's conduct. See id.

## III. CONCLUSION

For foregoing reasons, Defendant's Motion to Dismiss with Prejudice is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 2-07-07